IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02997-BNB

MIKEAL STINE,

    Applicant,

v.

DAVID BERKEBILE,

    Respondent.

---

## ORDER OF DISMISSAL

---

    Applicant, Mikeal Stine, is a prisoner in the custody of the United States Bureau of Prisons (BOP) at the United States Penitentiary in Florence. Colorado. Applicant, acting *pro se*, initiated this action by filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 that challenges the validity of his convictions and sentences in the United States District Court for the Southern District of Texas (Southern District of Texas). Specifically, Applicant is challenging the Special Administrative Measures (SAM) that the BOP has imposed against him allegedly pursuant to his criminal judgment. Applicant asserts that the SAM restricts all of his legal and social communications via mail or telephone except his mail to the United States courts, but even some court mail is rejected.

    The Court must construe the Application liberally because Applicant is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d

1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will deny the Application, dismiss the action, and direct Applicant to show cause why he should not be sanctioned and restricted from filing improper 28 U.S.C. § 2241 actions.

Although Applicant fails to identify each of his criminal cases in the Southern District of Texas, the Court finds that Applicant was convicted of bank robbery in *United States v. Stine*, No. 03-cr-00044-2 (S.D. Tex. Apr. 30, 2004), and of escape in *United States v. Stine*, No. 04-cr-00020-1 (S.D. Tex. Apr. 30, 2004). The Court has reviewed the judgment and disposition in each of the these criminal cases and finds no reference to a restriction of communications as part of the sentence in either case. Even if restricted communications were part of the sentences in each of the cases, this Court lacks jurisdiction over Applicant's claims. Any challenge to a federal prisoner's sentence must be asserted in the sentencing court. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).

Furthermore, "[t]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Generally, a federal prisoner's challenge to his conditions of confinement is cognizable under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), and 28 U.S.C. § 1331. *See, e.g., Richards v. Bellmon*, 941 F.2d 1015, 1018 (10th Cir. 1991). Applicant is challenging BOP's restrictions of his communications, which is a condition of confinement claim. Applicant's claims, therefore, are not cognizable in a federal habeas corpus action and more properly are construed as a

prisoner complaint filed pursuant to 28 U.S.C. § 1331.[1]

Applicant is subject to filing restrictions pursuant to 28 U.S.C. § 1915(g) and *Stine v. Lappin, et al.*, No. 07-cv-01839-WYD-KLM, ECF No. 344 at 30-32 (D. Colo. Sept. 1, 2009). The restrictions in Case No. 07-cv-01839 require Applicant to seek permission from the Court to proceed with a civil complaint and to submit certain documentation along with a proposed complaint. By asserting the conditions of confinement claims in this action, Applicant is attempting to circumvent his filing restrictions. Applicant was warned in *Stine v. Berkebile*, No. 13-cv-00295-LTB, ECF No. 18 (D. Colo. Mar. 18, 2013), that If he initiated any subsequent § 2241 actions in this Court that are attempts to circumvent his filing restrictions the Court will consider additional sanctions against him, including monetary sanctions.

"[T]he right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989) (citations omitted) (per curiam). "Federal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions in appropriate circumstances." *Andrews v. Heaton*, 483 F.3d 1070, 1077 (10th Cir. 2007) (citing *Sieverding v. Colo. Bar. Ass'n*, 469 F.3d 1340, 1343 (10th Cir. 2006); *Tripati v. Beaman*, 878 F.2d 351, 351 (10th Cir. 1989)).

---

[1] A claim for injunctive relief in prisoner complaints filed against federal employees may be asserted under 28 U.S.C. § 1331, but not necessarily under *Bivens*. *See Ricco v. Conner*, 146 F. App'x 249, 254 (10th Cir. Aug. 8, 2005) (unpublished) (citing *Simmat v. U.S. Bureau of Prisons*, 413 F.3d 1225, 1235-36 (10th Cir. 2005).

> Specifically, injunctions restricting further filings are appropriate where the litigant's lengthy and abusive history is set forth; the court provides guidelines as to what the litigant may do to obtain its permission to file an action; and the litigant receives notice and an opportunity to oppose the court's order before it is implemented.

*Id.*

If a *pro se* party signs a pleading in violation of Fed. R. Civ. P. 11(b) a court "may . . . impose an appropriate sanction" upon that party. *See* Fed. R. Civ. P. 11(c). Rule 11 serves several purposes, including, but not limited to, (1) deterring future litigation abuse; (2) punishing present litigation abuse; and (3) streamlining court dockets and facilitating case management. *White v. General Motors Corp., Inc.*, 908 F.2d 675, 683 (10th Cir. 1990) (citing American Bar Association, *Standards and Guidelines for Practice Under Rule 11 of the Federal Rules of Civil Procedure* (1988), *reprinted in,* 5 C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* 212, 235-36 (Supp. 1989)). Deterrence is the primary goal of a sanction. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384 (1990).

In order to comply with Rule 11 and avoid sanctions thereunder, a *pro se* party's actions must be objectively reasonable. *White v. Gen. Motors Corp.*, 908 F.2d 675, 683 (10th Cir. 1990). A pattern of groundless and vexatious litigation will support an order enjoining a litigant from filing any claims without first seeking prior leave of court. *See Ketchum v. Cruz*, 961 F.2d 916, 921 (10th Cir. 1992); *Winslow v. Romer*, 759 F. Supp. 670, 677-78 (D. Colo. 1991); *Colorado ex rel. Colo. Judicial Dep't v. Fleming*, 726 F. Supp. 1216, 1221 (D. Colo. 1989).

The Court may, in its discretion, place reasonable restrictions on any litigant who

files non-meritorious actions and who generally abuses judicial process. *Phillips v. Carey,* 638 F.2d 207, 209 (10th Cir. 1981). These restrictions may be directed to provide limitations or conditions on the filing of future suits. *Id.* Injunctions restricting further filings are appropriate where (1) the litigant's lengthy and abusive history is set forth; (2) the court provides guidelines as to what the litigant may do to obtain its permission to file an action; and (3) the litigant receives notice and an opportunity to oppose the Court's order before it is implemented. *Tripati*, 878 F.2d at 353-54. Applicant has the right to notice and to oppose, in writing, the imposition of future restrictions. *See Tripati*, 878 F.2d at 354.

The Court takes notice of the supporting documentation in Case No. 07-cv-01839-WYD-KLM at ECF No. 344 for the basis in entering a separate sanction against Applicant restricting his filing of 28 U.S.C. § 2241 actions that are attempts to circumvent his filing restrictions. The Court, therefore, will direct Applicant to show cause why he should not be enjoined from filing future § 2241 actions in this Court that assert claims of conditions of confinement. Accordingly, it is

ORDERED that Applicant show cause why the United States District Court for the District of Colorado should not enjoin him from filing a 28 U.S.C. § 2241 action in this Court that improperly asserts conditions of confinement claims in an attempt to circumvent Applicant's other filing restrictions under 28 U.S.C. § 1915 and *Stine v. Lappin, et al.*, No. 07-cv-01839-WYD-KLM, ECF No. 344 at 30-32 (D. Colo. Sept. 1, 2009). It is

FURTHER ORDERED that Applicant show cause why this action or any future 28 U.S.C. § 2241 action he submits to this Court should not be reviewed by a judicial

officer pursuant to D.C.COLO.CivR 8.2 as follows: (1) first by a magistrate judge to determine whether the filing is an attempt to circumvent Applicant's other filing restrictions; and (2) second by a district judge, if a magistrate judge finds the pleading to be an attempt to circumvent filing restrictions, who shall determine whether or not the pleading should proceed. It is

ORDERED that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 is DENIED, and this case is DISMISSED.

FURTHER ORDERED that Applicant shall file a Response to this Order to Show Cause within thirty days of the date of the Order. It is

FURTHER ORDERED that if Applicant fails to respond within thirty days an order enjoining him from filing future 28 U.S.C.§ 2241 actions that improperly assert conditions of confinement claims will be entered.

DATED November 5, 2013, at Denver, Colorado.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court