IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02997-LTB

MIKEAL GLENN STINE,

    Applicant,

v.

DAVID BERKEBILE,

    Respondent.

---

ORDER IMPOSING FILING RESTRICTIONS

---

    In an order filed on November 5, 2013, the Court dismissed the instant action and directed Applicant, Mikeal Glenn Stine, to show cause why certain filing restrictions should not be imposed. Mr. Stine was warned that the specified filing restrictions would be imposed if he failed to show good cause within thirty days. On November 14, 2013, in response to the November 5 Order, Mr. Stine filed four documents, including: (1) a Verified Motion to Stay District Court Proceeding Pending Resolution Before the U.S. Court of Appeals Tenth Circuit, ECF No. 8; (2) Verified Motion to Recuse Hon. Lewis T. Babcock, ECF No. 9; (3) Show Cause Why Sanctions Should Not be Entered/ Oral Arguments Requested, ECF No. 10; and (4) Motion for Oral Arguments/Evidentiary Hearing and Appointment of Counsel/and Limited Discovery, ECF No. 11.

    First, the Court will address the Motion for Recusal. Pursuant to 28 U.S.C. § 455(a) states that "[a]ny justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The general purpose of § 455(a) is "to promote public confidence in the

integrity of the judicial process" and to avoid even the "appearance of impropriety." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988). "W]hat matters is not the reality of bias or prejudice but its appearance." *Liteky v. United States*, 510 U.S. 540, 548 (1994). Under § 455(a), "a judge has a continuing duty to recuse before, during, or, in some circumstances, after a proceeding, if the judge concludes that sufficient factual grounds exist to cause an objective observer reasonably to question the judge's impartiality." *United States v. Cooley*, 1 F.3d 985, 992 (10th Cir. 1993). "The decision to recuse is committed to the sound discretion of the district court." *United States v. Burger*, 964 F.2d 1065, 1070 (10th Cir. 1992) (citation omitted).

"The provisions of 28 U.S.C. § 455(a) do not command automatic disqualification of a judge, to the contrary, it is the duty of the judge who is allegedly biased to pass on the sufficiency of the allegations." *See David v. City & County of Denver*, 837 F. Supp. 1094, 1095 (D. Colo. 1993). A judge has an obligation not to disqualify himself unnecessarily. *See Cooley*, 1 F.3d at 994; *David*, 837 F. Supp. at 1095. A judge is obligated not to recuse when there is no occasion for him to do, just as he is obligated to recuse when there is occasion to do so. *See Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995); *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987). If, however, whether § 455(a) requires disqualification is a close question, the balance tips in favor of recusal. *See Nichols*, 71 F.3d at 352.

Under § 455(a), the judge's actual state of mind, purity of heart, incorruptibility, or lack of partiality are not the issue; rather, the issue is whether a reasonable person, knowing all of the relevant facts, would harbor doubts about the judge's impartiality. *Id.* at 351; *Cooley*, 1 F.3d at 993. The standard is purely objective and the inquiry is

limited to outward manifestations and reasonable inferences drawn therefrom.  See *Nichols*, 71 F.3d at 351; *Cooley*, 1 F.3d at 993.

In applying the objective test, "the initial inquiry is whether a reasonable *factual* basis exists for calling the judge's impartiality into question."  *Cooley*, 1 F.3d at 993.  Application of § 455(a) necessarily includes emphasis on whether a judge's impartiality might "reasonably" be questioned.  *Id.*  Section 455(a) is not to be construed so broadly that recusal would be mandated "upon the merest unsubstantiated suggestion of personal bias or prejudice."  *Franks v. Nimmo*, 796 F.2d 1230, 1235 (10th Cir. 1986) (citing *United States v. Hines*, 696 F.2d 722, 729 (10th Cir. 1982)).  Section 455(a) should not be read to warrant the transformation of a litigant's fear that a judge may decide a question against him into a "reasonable fear" that the judge will not be impartial.  *See Cooley*, 1 F.3d at 993.  The statute is not intended to give litigants a veto power over sitting judges, or a vehicle for obtaining a judge of their choice.  *See Nichols*, 71 F.3d at 351; *Cooley*, 1 F.3d at 993.

Mr. Stine requests that I recuse myself because I am biased and "hate" him.  Mr. Stine requests that an evidentiary hearing be held where he would call members of a Denver law firm and inmates who would testify that I hate him.

Mr. Stine's motion for my recusal is insufficient because it fails to show personal bias or prejudice.  The recusal claim is vague and conclusory and is based on a speculative premise that seventeen individuals, including judges, private attorneys, inmates, and prison staff members will testify at an evidentiary hearing that I hate him.  Mr. Stine's assertions are unsubstantiated suggestions of personal bias or prejudice and lack any basis for a mandate of recusal.  Therefore, Mr. Stine's request for recusal

will be denied.

Next, Mr. Stine argues that he should not be sanctioned and precluded from filing any § 2241 actions in the future that raise conditions of confinement claims because he is not attempting to circumvent his filing restrictions in civil rights actions but, instead, is properly challenging the conditions of his confinement that are imposed as part of the execution of his sentence. He contends that this Court has allowed an inmate to challenge a SAMS (Special Administrative Measures) issue in a 28 U.S.C. § 2241 action. *See Yousef v. United States*, No. 12-cv-02585-RPM (D. Colo. Filed Sept. 28, 2012). Mr. Stine also cites two cases, one in the Second Circuit and the other in the Sixth Circuit, *Thompson v. Choinski*, 525 F.3d 205, 209 (2d Cir. 2008), and *United States v. Jalili*, 925 F.2d 889, 893-94 (6th Cir. 1991), for his argument that conditions claims are properly asserted in a § 2241 action. Neither of these cases are controlling here.

The Tenth Circuit has confirmed that a conditions of confinement claim filed by a prisoner in this Circuit must be filed through a civil rights action. *See Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012) (citing *McIntosh v. U.S. Parole Com'n*, 115 F.3d 809 (10th Cir. 1997); *Standifer v. Ledezma*, 653 F.3d 1276, 1280 (10th Cir. 2011)).

Mr. Stine's alleged mail restrictions are not related to the execution of his sentence. The Court stated in the dismissal order that nothing in the criminal convictions and sentences he refers to in the Southern District of Texas recommends to the Bureau of Prisons that his communications should be restricted. Nor did Mr. Stine, in the motion for joinder that he filed in Case No. 12-cv-02585-RPM, ECF No. 47, assert that his "mail restrictions" were a result of his being placed under SAMS or that he

currently is subject to mail restrictions. Furthermore, when Mr. Stine filed a motion for joinder in Case No. 12-cv-02585-RPM requesting an evidentiary hearing in that case to argue that he previously was unconstitutionally placed on mail restriction, *see Yousef*, at ECF No. 47, the court denied Mr. Stine's request and found that any determinations in Case No. 12-cv-02585 are exclusively limited to the applicant in that case, *Id.*, ECF No. 52 at 1-2.

Mr. Stine's challenge to his mail restriction claim is a thinly veiled conditions of confinement claim properly raised in a civil rights action pursuant to 28 U.S.C. § 1331. Mr. Stine may not circumvent his filing restrictions by attempting to raise conditions of confinement claims in a § 2241 action. The Court, therefore, concludes that Mr. Stine fails to show cause why he should not be subject to the filing restrictions set forth in the dismissal order entered in this case on November 5, 2013. Accordingly, it is

ORDERED that Mr. Stine is enjoined from filing a 28 U.S.C. § 2241 action in this Court that improperly asserts conditions of confinement claims in an attempt to circumvent his filing restrictions under 28 U.S.C. § 1915 and *Stine v. Lappin, et al.*, No. 07-cv-01839-WYD-KLM, ECF No. 344 at 30-32 (D. Colo. Sept. 1, 2009). It is

FURTHER ORDERED that in any future 28 U.S.C. § 2241 actions Mr. Stine submits to this Court shall be reviewed by a judicial officer pursuant to D.C.COLO.CivR 8.2 as follows: (1) first by a magistrate judge to determine whether the filing is an attempt to circumvent Mr. Stine's other filing restrictions; and (2) second by a district judge, if a magistrate judge finds the pleading to be an attempt to circumvent filing restrictions, who shall determine whether or not the pleading should proceed. It is

FURTHER ORDERED that Mr. Stine's Motion to Recuse, ECF No. 9, is denied for lack of merit.  It is

FURTHER ORDERED that all other pending motions are denied as moot..

DATED at Denver, Colorado, this ⎯3rd⎯ day of ⎯⎯December⎯⎯, 2013.

BY THE COURT:


⎯⎯s/Lewis T. Babcock⎯⎯⎯⎯⎯
LEWIS T. BABCOCK, Senior Judge
United States District Court